### KIRKLAND v. KIRKLAND.
No. 78-4624-CA-01-C.
Circuit Court, Eighteenth Judicial Circuit.
May 17, 1978.

Sheila Susan Kirkland, Cape Canaveral, in pro. per.

JOE A. COWART, Jr., Circuit Judge.

*Order of dismissal for insufficiency of process and lack of jurisdiction over the person:* This cause coming on this day to be heard and the court having examined the court case filed finds that this

is an action for dissolution of marriage and that the respondent has been neither personally served with service of process by an officer authorized by law to serve process in this type of action (see Section 48.021, F. S.), nor has there been filed the necessary sworn statements required by Section 49.031, F.S., for the legal service of process by publication under Section 49.10, F. S., as permitted in actions for the dissolution of marriage by Section 49.011(4), F. S.

The petitioner has apparently attempted to effect service of process in this action for dissolution of marriage under Section 48.193(1)(e), F. S. It is the opinion of this court that this section does *not* authorize process under Florida's "long arm" statute in dissolution cases although it does relate "to proceedings for alimony, child support or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents . . ."

Although under this opinion it is immaterial, the court notes that the petition is insufficient as the basis for process under Section 48.193, F. S., in that it not only does not seek alimony, child support or division of property but the petition does not allege, as is necessary, facts showing that the respondent "maintains a matrimonial domicile in this state at the time of the commencement of this action or, [that] the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not."

For the foregoing reasons, the petition for dissolution of marriage is dismissed.